IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLEN M. FALLIN, | : | |
| Plaintiff | : | No. 1:15-cv-00248 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DAVID B. MUELLER, | : | (Magistrate Judge Carlson) |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff's Glen M. Fallin's motion for reconsideration of the Court's order adopting the Report and Recommendation of Magistrate Judge Carlson and dismissing Plaintiff's complaint without prejudice. (Doc. No. 10.) For the reasons that follow, the Court will deny Plaintiff's motion, and will again order that he may file an amended complaint.

I.   BACKGROUND

On February 4, 2015, Plaintiff Glen M. Fallin, proceeding pro se and in forma pauperis, filed the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendant David B. Mueller, Assistant District Attorney in York County, Pennsylvania, violated his constitutional rights. (Doc. No. 1.) During the relevant time specified in the complaint, late 2012 to early 2013, Plaintiff's son was being prosecuted on felony trespass charges in York County, Pennsylvania. (Id. at 4.) On February 1, 2013, Plaintiff left a phone message to Defendant offering to submit to an interview – with either Defendant or a different member of his office – concerning the alleged trespassing incident involving his son. (Id. at 3-4.)

In response, Defendant sent a letter to Plaintiff in which he stated:

[1] "Please be aware that our office does not engage in plea negotiations with family members of defendants, and I do not anticipate that I will be returning any communications, except as necessary to interview you as a witness for the

1

Commonwealth.

[2] Our office has been made aware that you have had contact with the victims in this case . . . to attempt to dissuade them from pursuing criminal charges. It has also come to our attention that you have had contact with Judge Gross's office attempting to advocate for your son's admission to ARD. I would like to remind you once again that the unauthorized practice of law is a criminal offense in the Commonwealth of Pennsylvania . . . I would also like to remind you that witness intimidation is a crime in the Commonwealth of Pennsylvania.

[3] I highly advise that you and family seek representation of a licensed attorney.  If our office needs to speak with you about this case, we will contact you.  Otherwise, please do not contact us again in the capacity of representative for your son."

(Id. at 13.)

Plaintiff avers that the letter contained misrepresentations of fact, including that he did not act as his son's advocate in conversation with Judge Gross (id. at 8), and that Defendant was aware that there were no victims of his son's alleged trespass (id. at 6).  Plaintiff alleges that this letter was intended to chill Plaintiff's exercise of his civil rights, and violated his rights to family integrity and free speech.  (Id. at 2-3.)  Plaintiff also alleges that the letter invaded his constitutionally protected liberty interest by publishing allegations, with knowing falsity, that stigmatized him.  (Id. at 2.)  Plaintiff seeks $100,000 in compensatory damages and $50,000 in punitive damages, in addition to declaratory and injunctive relief.  (Id. at 11-12.)

Magistrate Judge Carlson screened Plaintiff's complaint under 28 U.S.C. § 1915A and recommended that the Court dismiss Plaintiff's complaint without prejudice. (Doc. No. 6.) Specifically, Magistrate Judge Carlson made the following recommended findings: (1) Plaintiff's civil rights claims are barred because they arise out of a state criminal prosecution that did not conclude favorably[1]; (2) Defendant is entitled to prosecutorial immunity; and (3) Plaintiff's

---

[1] See Heck v. Humphrey, 512 U.S. 477 (1994).

claim for $150,000 in unliquidated damages should be stricken.  (Id.)  On March 5, 2015, after no timely objections were filed, the Court adopted the Report and Recommendation, dismissed Plaintiff's complaint without prejudice, and gave Plaintiff leave to file an amended complaint within 20 days.  (Doc. No. 9.)

Thereafter, on March 19, 2015, Plaintiff filed a motion for reconsideration with the Court, contending that his failure to file objections amounted to excusable neglect on his part, and asking the Court to consider his late-filed objections to the Report and Recommendation.  (Doc. No. 10.)  The Court stayed the time permitted for the filing of Plaintiff's amended complaint, pending the Court's disposition of the present motion for reconsideration.  (Id.)

## II.     DISCUSSION

### A.     Excusable neglect

Plaintiff asks the Court to consider the merits of his motion for reconsideration on the grounds that his failure to file timely objections amounted to excusable neglect.  (Doc. No. 10 at 1-2.)  Federal Rule of Civil Procedure 60(b) provides in part that the Court may "relieve a party or its legal representative from a final judgment [or] order . . . [for] mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

Plaintiff's objections to the Report and Recommendation of Magistrate Judge Carlson were originally due by February 23, 2015.  Plaintiff then moved for an extension of time to file his objections, and the Court gave him until March 2, 2015.  (Doc. No. 8.)  However, after Plaintiff failed to file his objections, the court adopted the Report and Recommendation on March 5, 2015.  (Doc. No. 9.)  Plaintiff claims that his attempt to file his objections on March 2 was "thwarted by a dead battery in the only motor vehicle" at his disposal.  (Doc. No. 10 at 1-2.)

Thereafter, he states that he was prevented by icy road conditions on March 3 and, on March 4, his car broke down and he sold it for its salvage value; the next day, March 5, the Court adopted the Report and Recommendation. (Id. at 2.) Plaintiff states that during this time he did not have access to electronic filing. (Id.) Particularly in light of Plaintiff's pro se status, the Court is satisfied that he made a good faith effort to timely file his objections and that his failure to do so amounts to, at worst, excusable neglect. Accordingly, the Court will proceed to consider the merits of his motion for reconsideration.

        **B.**        **Whether Plaintiff's complaint arises out of his son's criminal prosecution**

The Court adopted Magistrate Judge Carlson's recommendation and dismissed Plaintiff's complaint on the grounds that Plaintiff's complaint arises out of his son's prior state criminal proceedings, and those proceedings did not terminate favorably. (Doc. Nos. 6, 9.) In his motion for reconsideration, Plaintiff contends that his complaint arises out of a letter sent to him by Defendant, not his son's prosecution.[2] (Doc. No. 10.)

The Court will not disturb its order dismissing Plaintiff's complaint on this ground. As Magistrate Judge Carlson recognized, the United States Supreme Court in Heck v. Humphrey provided a "favorable termination" rule, providing that a plaintiff's "civil rights suit based on violations of his rights during his criminal proceedings is barred unless he can demonstrate that his conviction or sentence has been invalidated." Murphy v. Bloom, 443 F. App'x 668, 669 (3d Cir. 2011) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)). Although Plaintiff contends that his complaint does not arise out of the prosecution of his son, the Court disagrees

---

[2] Plaintiff also contends that his complaint does not actually allege that Defendant was acting in a prosecutorial function; as the Court will discuss in Section II.C., the Court finds that argument unpersuasive.

with that categorization of his complaint.  The challenged letter from Defendant, which Plaintiff attached[3] to his complaint, is written and signed by Defendant in his capacity as Assistant District Attorney of York County, in response to Plaintiff's voice mail message, and concerns Plaintiff's son's then-ongoing criminal prosecution.  (See Doc. No. 1 at 13.)

Moreover, Plaintiff's allegations and request for relief are inextricably linked to the underlying criminal proceeding; Plaintiff's complaint rests on allegations that Defendant's letter violated his rights and necessarily led to the improper prosecution of his son.  For example, in asserting harm, Plaintiff avers that as a result of the letter, "Plaintiff refrained from communicating with his son concerning the bogus criminal charges and caused Plaintiff to desist from attempting to bring to light the facts that would have fully exculpated his son," and that but for Defendant's actions, "this matter would have ended more favorably to the Fallin family."[4] (Id. at 10-11.)  Thus, Plaintiff's subsequent attempt in this motion to disconnect the allegations in his complaint from the state prosecution of his son is unavailing, and Plaintiff's assertion that the letter still would have violated his rights even without an ongoing prosecution is unpersuasive.  The Court again finds, as Magistrate Judge Carlson did, that the complaint is subject to dismissal on this ground.

    **C.**    **Prosecutorial immunity**

---

[3] In screening a pro se, in forma pauperis complaint pursuant to 28 U.S.C. § 1915A, courts consider not only the allegations in the complaint, but also exhibits attached to the complaint.  See Yunik v. McVey, No. 08-1706, 2009 WL 3854096, at *4 (W.D. Pa. Nov. 17, 2009).

[4] Along these lines, Plaintiff's suggestion in his motion that he has not "made any attempt . . . to charge the Defendant with any responsibility for that prosecution" (Doc. No. 10 at 9), is not supported by the allegations in his complaint.

Plaintiff also argues that the Court erred in dismissing his claims on the grounds of prosecutorial immunity. (Doc. No. 10.) First, he contends that he did not specifically allege that Defendant was acting in a prosecutorial function, and further that the Court should not infer such from the facts alleged in the complaint. (See id. at 5.) However, the Court finds that argument unpersuasive. Plaintiff's assertion that Defendant was not acting in a prosecutorial role is plainly belied by the letter on which the allegations are based, which is attached to Plaintiff's complaint. Defendant's letter – allegedly a response to Plaintiff's voicemail message – is clearly written on behalf of the York County District Attorney's office concerning the ongoing prosecution on Plaintiff's son. (Id. at 13.) Even viewed in a light most favorable to Plaintiff, it is implausible to construe Plaintiff's complaint, in conjunction with the exhibit, as asserting that the Defendant was not acting in his function as Assistant District Attorney. Accordingly, the Court will also not disturb its order on this ground.

Plaintiff also argues that prosecutorial immunity applies only to money damages, rather than requests for injunctive relief, and that because he requests injunctive relief in addition to monetary relief, dismissal was improper. Although Plaintiff is correct that prosecutors are not immune as to requests for declaratory or injunctive relief, see Blakeney v. Marsico, 340 F. App'x 778, 779 (3d Cir. 2009), the Report and Recommendation's findings concerning prosecutorial immunity were only an alternate ground for dismissing the case; as discussed above, the Court finds that dismissal of the entire complaint was proper under the "favorable termination" rule, which is independent of the prosecutorial immunity analysis. Accordingly, the Court will not

disturb its order dismissing Plaintiff's complaint on this ground.[5]

### C. Motion to correct complaint

On March 30, 2015, after the filing of his motion for reconsideration, Plaintiff also filed a motion to file a corrected complaint. (Doc. No. 12.) Plaintiff states that his proposed corrected complaint (1) eliminates the request for unliquidated damages, in accordance with Magistrate Judge Carlson's Report and Recommendation and (2) eliminates typographic errors. (Id.) He also emphasized that he is seeking simply to correct the complaint rather than amend it, and that accordingly his proposed corrected complaint contains no substantive changes. (Id.) Because the Court will not disturb its March 5, 2015 order dismissing Plaintiff's complaint, and because Plaintiff's proposed corrected complaint – with no substantive changes – would therefore also be subject to dismissal, the Court will deny the motion. Instead, the Court will order – as it did its prior order adopting Magistrate Judge Carlson's Report and Recommendation – that Plaintiff may file an amended complaint within twenty days of this order. An order consistent with this memorandum follows.

---

[5] Plaintiff also suggests that "to the extent the criminal prosecution of Plaintiff's son could be material to the instant action, the [Report and Recommendation] overlooks the possibility of a claim for abuse of process." (Doc. No. 10 at 8-9.) Without offering an opinion as to whether or not such a claim has merit, it does not appear to the Court that Plaintiff has specifically raised such a claim in his complaint – indeed, he seems to expressly disclaim that he intended to bring such a cause of action. (See id.)