IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLEN M. FALLIN, | : | |
|     Plaintiff | : | No. 1:15-cv-00248 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DAVID B. MUELLER, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Chief Magistrate Judge Carlson, recommending that Plaintiff's amended complaint be dismissed with prejudice. (Doc. No. 22.) Upon review of the amended complaint, the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation and will dismiss Plaintiff's complaint with prejudice.

## I.   BACKGROUND

On February 4, 2015, Plaintiff Glen M. Fallin, proceeding pro se and in forma pauperis, filed the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendant David B. Mueller, Assistant District Attorney in York County, Pennsylvania, violated Plaintiff's constitutional rights. (Doc. No. 1.) According to his initial complaint, from late 2012 to early 2013, Plaintiff's son was being prosecuted on felony trespass charges in York County, Pennsylvania. (See id.) On February 1, 2013, Plaintiff left a "telephone message to Defendant Mueller," offering to submit to an interview – with either Defendant or a different member of his office – concerning the alleged trespassing incident involving his son. (Id. at 3-4.) Defendant then sent a letter to Plaintiff in which he wrote:

1

> [1] "Please be aware that our office does not engage in plea negotiations with family members of defendants, and I do not anticipate that I will be returning any communications, except as necessary to interview you as a witness for the Commonwealth.
>
> [2] Our office has been made aware that you have had contact with the victims in this case . . . to attempt to dissuade them from pursuing criminal charges. It has also come to our attention that you have had contact with Judge Gross's office attempting to advocate for your son's admission to ARD. I would like to remind you once again that the unauthorized practice of law is a criminal offense in the Commonwealth of Pennsylvania . . . I would also like to remind you that witness intimidation is a crime in the Commonwealth of Pennsylvania.
>
> [3] I highly advise that you and family seek representation of a licensed attorney. If our office needs to speak with you about this case, we will contact you. Otherwise, please do not contact us again in the capacity of representative for your son."

(Id. at 13.) Plaintiff alleged that this letter violated his civil rights, including his rights to family integrity and free speech.

Magistrate Judge Carlson screened Plaintiff's complaint under 28 U.S.C. § 1915A and recommended that the Court dismiss Plaintiff's complaint without prejudice. (Doc. No. 6.) After Plaintiff filed objections, the Court overruled the objections, adopted the Report and Recommendation, and granted Plaintiff leave to file an amended complaint. (Doc. No. 14.)

Thereafter, on May 26, 2015, Plaintiff filed an amended complaint. (Doc. No. 18.) In addition to naming Mueller as Defendant, he added Defendant Thomas Kearney, District Attorney of York County, Pennsylvania. (See id.) Again, Plaintiff alleges that Defendant Mueller's aforementioned letter contains misstatements of fact, and contends that the letter violated his right of family integrity, his free speech and petitioning rights, and his liberty interest by virtue of the "reckless falsity" of the letters accusations regarding Plaintiff. (Id. at 1-2.) He alleges that he suffered emotional distress and economic injury as a result of Defendants' actions. (Id. at 18.)

Magistrate Judge Carlson again screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and recommends that the Court dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. No. 22.) Magistrate Judge Carlson recommends dismissal on multiple alternative grounds, many identical to those his initial Report and Recommendation in this case, including: (1) under Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff may not bring a civil rights action arising out of a state prosecution that did not end favorably; (2) prosecutorial immunity bars Plaintiff's claims; (3) Plaintiff has failed to plead facts in support of his supervisory liability claim against Defendant Kearney; (4) Defendants are entitled to qualified immunity; and (5) Plaintiff is not entitled to injunctive relief. Magistrate Judge Carlson also recommends that the Court dismiss the case with prejudice, as Plaintiff has already been given one opportunity to cure the defects in his case. (Id.) On June 24, 2015, Plaintiff filed objections. (Doc. No. 26.)

## II.     DISCUSSION

### A.     Failure to allege a constitutional violation

As an initial matter, as Magistrate Judge Carlson suggests in his proposed findings regarding qualified immunity (Doc. No. 22 at 16-22) – and not directly challenged by Plaintiff in his objections – the Court finds that Plaintiff fails to sufficiently allege that his civil rights were violated by Defendant Mueller's letter. It is not in dispute that parents who are not attorneys may not represent their children pro se in litigation. See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 878 (3d Cir. 1991). Additionally, as Magistrate Judge Carlson points out (see Doc. No. 22 at 20-21), although Plaintiff alleges that as a result of the letter he "refrained from communicating with his son concerning the bogus criminal charges"

after receiving the letter (Doc. No. 18 at 17), thereby infringing upon his right to family integrity and chilling his speech rights, <u>nothing</u> in Defendant's letter purported to limit Plaintiff's individual contact with his son. Rather, the letter simply said that Plaintiff may not act as his son's representative in the case. (<u>See</u> Doc. No. 18-1.)

In sum, the Court finds that nothing about the letter plausibly infringed on Plaintiff's civil rights.[1] Accordingly, the Court emphasizes that the complaint is subject to dismissal independent of the other grounds on which Magistrate Judge Carlson recommends that the Court dismiss the complaint and to which Plaintiff objected. Nevertheless, the Court will proceed through Plaintiff's specific objections to Magistrate Judge Carlson's other independent grounds for recommending that the case be dismissed.

**B.     Whether Plaintiff's claims arise out of his son's state court prosecution**

Plaintiff also objects on the grounds that Magistrate Judge Carlson improperly drew inferences <u>against</u> Plaintiff, rather than in his favor. (Doc. No. 26 at 6.) He applies this objection most prominently to Magistrate Judge Carlson's proposed findings that the allegations in Plaintiff's complaint "arose of out the prosecution of Plaintiff's son" (<u>see</u> Doc. No. 22 at 1), thereby implicating both (1) the "favorable termination" rule set forth in <u>Heck v. Humphrey</u>, 512

---

[1] Additionally, the factual averments in Plaintiff's complaint do not support Plaintiff's allegations that Defendant's made factual misrepresentations in the letter. For example, although Plaintiff alleges that Defendant Mueller falsely suggested in the letter that Plaintiff was acting as his son's representative, the Court agrees with Magistrate Judge Carlson that this runs counter to the allegations in his complaint, since "[Plaintiff] details discussions which he had on behalf of his son with police, prosecutors, victims, witnesses, and judicial officers and courthouse staff regarding the disposition of these state charges[.]" (<u>See</u> Doc. Nos. 18, 22 at 3.)

U.S. 477 (1994),[2] and (2) entitling the Defendants to prosecutorial immunity on Plaintiff's claims. (Id. at 1-5.) Plaintiff asserts that Magistrate Judge Carlson wrongfully made such inferences and findings throughout his Report and Recommendation, as Plaintiff contends that his son's prosecution, and the letter that allegedly caused Plaintiff and his son harm, are two distinct events, and are alleged as such in his amended complaint. (See id.)

The Court will overrule these objections and will adopt the Report and Recommendation on this point. It is true, as Plaintiff sets forth, that a Court "must accept as true all of the allegations contained in the complaint and draw all inferences from the facts alleged in the light most favorable to a pro se plaintiff." Aruanno v. Blodgett, 339 F. App'x 258, 259 (3d Cir. 2009). However, this does not mean that the Court can or should ignore what is plainly evident on the face of the pleading – that Plaintiff's claims, particularly his claims for relief – are inextricably intertwined with his son's prosecution. Indeed, in objecting to Magistrate Judge Carlson's recommendation that the Defendants are entitled to qualified immunity, Plaintiff himself writes that "any honorable prosecutor knows that prosecuting an innocent person and in the absence of a crime, as averred in the amended complaint . . . is unlawful and unconstitutional." (Doc. No. 26 at 7) (emphasis added). Moreover, his complaint sets forth that much of the harm he purportedly suffered is the direct result of his son's allegedly wrongful prosecution on the

---

[2] Under Heck, a Plaintiff may not bring a civil rights action arising out of a state prosecution that did not end favorably. As Magistrate Judge Carlson points out, Plaintiff's son's case did not end favorably, as it concluded with his son's completion of an Accelerated Rehabilitative Disposition ("ARD") program. Plaintiff attempts to distinguish Heck in that was his son's – rather than his own – prosecution being implicated here (see Doc. No. 26 at 4-5), but the Court does not find this distinction persuasive.

trespassing charges.³ The Court is satisfied that both <u>Heck</u> and prosecutorial immunity are implicated by the allegations in Plaintiff's complaint.

Plaintiff also objects on the grounds that the Defendants were not acting as prosecutors at the time Defendant Mueller sent the letter, and therefore are not entitled to prosecutorial immunity. (Doc. No. 26 at 5-6.) However, as the Court found in its last memorandum in this case, "[e]ven viewed in a light most favorable to Plaintiff, it is implausible to construe Plaintiff's complaint . . . as asserting that the Defendant [Mueller] was not acting in his function as Assistant District Attorney" at the time he sent the subject letter. (Doc. No. 13 at 6.) This remains true of Plaintiff's amended complaint, and the Court is not persuaded by Plaintiff's arguments to the contrary.⁴ Accordingly, the Court finds that, as it did in its order addressing Plaintiff's initial complaint, that Plaintiff's claims are (1) barred by <u>Heck</u>, and (2) barred by prosecutorial immunity, and will adopt Magistrate Judge Carlson's recommendation.

### C.     Affirmative Defenses

Plaintiff also objects to Magistrate Judge Carlson's recommendation that the complaint

---

³ <u>See, e.g.</u>, Doc. No. 18 at 18 ("As a direct and proximate result of the actions decried herein . .. [Plaintiff suffered] substantial economic injury, including payment from his family's funds of $2250 for his son's completion of the ARD program and a loss of financial security from that payment and from his son's having been publicly charged with a felony and his son's loss of employability proximately caused by the subject felony charge.").

⁴ The Court is cognizant that Plaintiff attempts to avoid the Court's prior finding on this issue by explicitly stating to the contrary in his amended complaint. (<u>See</u> Doc. No. 18 at 10-11.) ("To the best of Plaintiff's knowledge, information, and belief, no member of the York County District Attorney's Office was intimately involved in the subject criminal proceeding against Plaintiff's son."). Again, however, this assertion is plainly belied by the remaining averments as well as the letter from Defendant Mueller. Further, the Court reiterates that even <u>if</u> the prosecutor Defendants are not entitled to prosecutorial immunity, there are multiple other independent reasons – including but not limited to Plaintiff's failure to allege an actionable civil rights violation – for dismissing the complaint.

should be dismissed on both qualified immunity and prosecutorial immunity grounds, as both are waivable affirmative defenses, and, Plaintiff contends, are not properly raised sua sponte, as Magistrate Judge Carlson did while screening his in forma pauperis complaint.

The Court will overrule this objection. Pursuant to 28 U.S.C. § § 1915 and 1915A, the Court is required to screen in forma pauperis complaints, such as Plaintiff's, prior to service, and is obliged to dismiss such a case if, for example, the Court finds that the action "is frivolous or malicious," or otherwise fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2). Accordingly, in order to further the goals of the statute, sua sponte dismissal is appropriate where the basis of the defense is apparent from the face of the complaint. See Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face."); Jones v. Lorady, No. 11-0666, 2011 WL 2462022 (M.D. Pa. May 12, 2011). Consistent with this principle, Courts in this circuit frequently dismiss claims on the basis of affirmative defenses such as prosecutorial immunity at the screening stage. See, e.g., Aruanno v. Blodgett, 339 F. App'x 258, 259-60 (3d Cir. 2009). Here, the Court agrees with Magistrate Judge Carlson that Plaintiff's complaint is subject to dismissal on the grounds of prosecutorial and qualified immunity, and finds that such defenses are apparent on the face of Plaintiff's complaint. Accordingly, the Court will adopt the Report and Recommendation in all respects.

### III.    CONCLUSION

The Court will adopt Magistrate Judge Carlson's Report and Recommendation, and will dismiss Plaintiff's complaint. Magistrate Judge Carlson also recommends that the Court dismiss the case with prejudice, as Plaintiff has already been given one opportunity to amend his

complaint, and because it appears that any further amendment would be futile as Plaintiff's claims do not entitle him to relief. (Doc. No. 18 at 23-24.) The Court agrees. Accordingly, the Court will dismiss the complaint with prejudice. An order consistent with this memorandum follows.