**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN M. FALLIN,** | : | |
| **Plaintiff** | : | **No. 1:15-cv-00248** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **DAVID B. MUELLER, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants** | : | |

**MEMORANDUM**

Before this Court is Plaintiff's motion to alter or amend judgment pursuant to Federal

Rule of Civil Procedure 59(e).  (Doc. No. 30.)  Plaintiff moves this Court to alter or amend its

August 19, 2015 order, adopting Magistrate Judge Carlson's Report and Recommendation and

dismissing Plaintiff's complaint with prejudice.  (Doc. No. 29.)  For the reasons set forth below,

Plaintiff's motion to alter or amend judgment will be denied.

**I.     BACKGROUND**

On February 4, 2015, Plaintiff Glen M. Fallin, proceeding pro se and in forma pauperis,

filed the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendant David B.

Mueller, Assistant District Attorney in York County, Pennsylvania, violated Plaintiff's

constitutional rights.  (Doc. No. 1.)  According to his initial complaint, from late 2012 to early

2013, Plaintiff's son was being prosecuted on felony trespass charges in York County,

Pennsylvania.  (See id.)  On February 1, 2013, Plaintiff left a "telephone message to Defendant

Mueller," offering to submit to an interview – with either Defendant Mueller or a different

member of his office – concerning the alleged trespassing incident involving his son.  (Id. at 3-

4.)  Defendant Mueller then sent a letter to Plaintiff in which he wrote:

> [1] "Please be aware that our office does not engage in plea negotiations with
> family members of defendants, and I do not anticipate that I will be returning any

1

communications, except as necessary to interview you as a witness for the Commonwealth.

[2] Our office has been made aware that you have had contact with the victims in this case . . . to attempt to dissuade them from pursuing criminal charges. It has also come to our attention that you have had contact with Judge Gross's office attempting to advocate for your son's admission to ARD. I would like to remind you once again that the unauthorized practice of law is a criminal offense in the Commonwealth of Pennsylvania . . . I would also like to remind you that witness intimidation is a crime in the Commonwealth of Pennsylvania.

[3] I highly advise that you and family seek representation of a licensed attorney. If our office needs to speak with you about this case, we will contact you. Otherwise, please do not contact us again in the capacity of representative for your son."

(Id. at 13.)  Plaintiff alleged that this letter violated his civil rights, including his rights to family integrity and free speech.  (Id. at 2.)

Magistrate Judge Carlson screened Plaintiff's complaint under 28 U.S.C. § 1915A and recommended that the Court dismiss Plaintiff's complaint without prejudice.  (Doc. No. 6.) After Plaintiff filed objections, the Court overruled the objections, adopted the Report and Recommendation, and granted Plaintiff leave to file an amended complaint.  (Doc. No. 14.) Thereafter, on May 26, 2015, Plaintiff filed an amended complaint.[1]  (Doc. No. 18.)  Again, Plaintiff alleged that Defendant Mueller's aforementioned letter contained misstatements of fact and violated his right to family integrity, his free speech, his petitioning rights, and his liberty interest by virtue of the "reckless falsity" of the letter's accusations regarding Plaintiff.  (Id. at 1-2, 15.)

Magistrate Judge Carlson screened Plaintiff's amended complaint under 28 U.S.C. § 1915A and again recommended that the Court dismiss the complaint for failure to state a claim upon which relief can be granted.  (Doc. No. 22 at 4, 24.)  After Plaintiff filed objections, the

---

[1] In addition to naming Mueller as Defendant, Plaintiff added Defendant Thomas Kearney, District Attorney of York County, Pennsylvania.  (See Doc. No. 18.)

Court overruled the objections, adopted the Report and Recommendation, and dismissed

Plaintiff's amended complaint with prejudice on August 19, 2015.  (Doc. No. 29.)  On

September 16, 2015, Plaintiff filed the pending motion to alter or amend judgment pursuant to

Federal Rule of Civil Procedure 59(e).  (Doc. No. 30.)

## II.      LEGAL STANDARD

The scope of a motion under Rule 59(e) is extremely limited.  Blystone v. Horn, 664 F.3d

397, 415 (3d Cir. 2011).  "A proper motion to alter or amend judgment must rely on one of three

major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence

[not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest

injustice."  Harrison v. Coker, 587 F. App'x 736, 740 (3d Cir. 2014) (quoting N. River Ins. Co.

v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  It is not a tool to relitigate and

reargue issues which have already been considered and disposed of by the court.  Dodge v.

Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992); accord Blystone, 664 F.3d at 415

(Rule 59(e) motions are "not to be used as an opportunity to relitigate the case").

## III.     DISCUSSION

In his motion to alter or amend judgment, Plaintiff contends that the pending motion

relies on new evidence and the need to correct clear error of law or prevent manifest injustice.

(See Doc. No. 30 at 2.)  However, as discussed below, Plaintiff fails to present any basis to alter

or amend the Court's August 19, 2015 order.

First, Plaintiff seeks to simply reargue claims previously raised.  For example, in his

motion to alter or amend judgment, Plaintiff contends that the Court erred in finding that (1)

Heck v. Humphrey, 512 U.S. 477 (1994), applied to the instant case; (2) Defendant Mueller's

letter was related to a legitimate prosecutorial action or purpose; and (3) Plaintiff acted as his

son's <u>de</u> <u>facto</u> legal representative.  (Doc. No. 30 at 6-9.)  This Court previously addressed and rejected each of these arguments upon adopting Magistrate Judge Carlson's Report and Recommendation.  (<u>Compare</u> Doc. No. 26 at 1-3, 5-6, <u>with</u> Doc. Nos. 22 at 3; 28 at 4-6.)  Therefore, because this Court already addressed and rejected these arguments, (Doc. No. 28 at 4-6), Plaintiff's contentions fail to present a basis to alter or amend the August 19, 2015 order. <u>Pellicano v. Blue Cross Blue Shield Ass'n</u>, 540 F. App'x 95, 99 (3d Cir. 2013).

Second, Plaintiff argues that the "Regulations of the Judicial Conference of the United States Establishing Standards and Procedures for the Appointment and Reappointment of United States Magistrate Judges" violates the "spirit" of 28 U.S.C. § 2071(b)'s notice and comment requirement as well as 28 U.S.C. § 2077(b).  (<u>See</u> Doc. No. 30 at 2, 4-6.)  This contention fails to allege either new evidence or a need to prevent manifest injustice.  <u>See</u> <u>Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.</u>, 725 F.2d 537, 540, 545 (9th Cir. 1984) (addressing the constitutionality of the Federal Magistrate Act of 1979).

Third, Plaintiff contends that he is entitled to discovery to (1) determine the extent of Defendant Mueller's involvement in the prosecution of Plaintiff's son and (2) establish supervisory liability against Defendant Kearney.  (Doc. No. 30 at 9-10.)  Similarly, Plaintiff's third argument neither demonstrates a need to prevent manifest injustice nor states that the evidence concerning Defendants Mueller and Kearney was not previously available.  <u>See</u> <u>Hollander v. Members of Bd. of Regents of Univ. of New York</u>, 524 F. App'x 727, 729-30 (2d Cir. 2013) (finding that the discovery of a new party does not qualify as "new evidence" or satisfy the requirements of Rule 59(e)).  Accordingly, Plaintiff's motion to alter or amend judgment will be denied.

**IV.      CONCLUSION**

For the reasons stated above, Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) will be denied.  (Doc. No. 30.)  An appropriate order follows.